DANIEL G. BOGDEN
United States Attorney
SHANNON BRYANT (SBN # 6917)
Asst. United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-00084-RCJ-VPC |
| Plaintiff, | **POST SENTENCING AGREEMENT RE: RESTITUTION** |
| vs. | |
| SARAH MARIE VANDEGRIFT, | |
| Defendant. | |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and SHANNON BRYANT, Assistant United States Attorney, the defendant SARAH VANDEGRIFT and the defendant's attorney, LAUREN GORMAN, have agreed to the following Post Sentencing Agreement.

I.    **SCOPE OF AGREEMENT**

The parties to this Post Sentencing Agreement are the United States of America and SARAH VANDEGRIFT (the defendant). This Post Sentencing Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Post Sentencing Agreement sets forth the parties' agreement regarding the recommendation to be made in the above criminal matter by the parties related to the issue of

1

restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   PROCEDURAL HISTORY AND UNDERLYING FACTS

On June 13, 2016, the defendant pled guilty to a one count information charging her with: (1) Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b), and, (2) a forfeiture allegation pursuant to Title 18, United States Code, Section 2253.

During the investigation, all of the child pornography files recovered from the digital devices belonging to the defendant were sent to the National Center for Missing and Exploited Children (NCMEC) to determine if there were any previously identified victims in that collection. Some victims were located. Those victims, who had previously requested notice from the Department of Justice when their images or videos are located in such a collection, were notified. After this notification, three victims depicted in the "Sweet Sugar" series, sent the United States Attorney's Office a request for restitution pursuant to 18 U.S.C. §§ 2259, 3664.

Following receipt of this request, the parties reviewed discovery and discovered that only one of the three victims was depicted in the materials belonging to defendant. The parties entered into negotiations in an attempt to reach a mutually agreeable settlement related to the amount of restitution to be awarded. In conducting these negotiations, the parties considered the following factors set for in *United States v. Paroline*, 572 U.S. ___, 134 S.Ct. 1710 (2014):

(1) the aggregate losses suffered by the victim due to the circulation of the images;

(2) the number of past criminal defendants found to have contributed to the victim's losses;

(3) the likelihood of future defendants and the likely total number of possessors;

(4) whether the defendant distributed images of the victim seeking restitution (with widespread distribution particularly aggravating);

(5) whether the defendant participated in the production of the original images (another significant aggravating factor);

(6) the number of images of the victim seeking restitution possessed by the defendant (and the length of time he possessed them);

(7) the size of any other awards received by the victim; and.

(8) any other relevant factors.

In reaching this settlement and agreement, government counsel also conferred with the victim and her victim attorney as well.

III.   **AGREEMENT AND RECOMMENDATION RESTITUTION**

The United States and the Defendant have jointly agreed and will recommend that the Court order restitution as follows:

| Victim | Amount |
|---|---|
| "Sweet Sugar" Series – Victim Pia | $5,000 |
| Total | $5,000 |

The victim and her attorney have been consulted regarding this resolution. They agree that this amount is an appropriate settlement amount and have approved the agreement.

IV.   **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

A.   <u>Agreement and Decision to Reach Settlement</u>. The defendant acknowledges that:

1.   She has read this Post Plea Agreement and understands its terms and conditions;

2.   She has had adequate time to discuss this case, the evidence related to restitution, and this Post Plea Agreement with his attorney;

3.   She has discussed the terms of this Post Plea Agreement with his attorney;

4.   The representations contained in this Post Plea Agreement are true and correct; and,

5.   She was not under the influence of any alcohol, drug, or medicine that would impair her ability to understand the Post Plea Agreement when she considered signing this Post Plea Agreement and when she signed it.

The defendant understands that he alone decides whether to enter into this Post Plea Agreement and acknowledges that she has decided to enter into this Post Plea Agreement freely

3

1  and voluntarily and that she was not coerced or threatened him to enter into this Post Plea
2  Agreement.
3        B.    <u>Waiver of Appeal Regarding Restitution</u>.  In exchange for the United States'
4  agreement not to seek additional amounts in restitution and to agree to the above joint settlement
5  and recommendation regarding restitution, the defendant knowingly and expressly waives: (a) the
6  right to appeal any order of restitution that adopts the parties' settlement and joint
7  recommendation regarding restitution; and, (b) the right to appeal any order of restitution that is
8  less than the aggregate amount of the parties' settlement and joint recommendation, i.e., any order
9  of restitution that is less than a total of $5,000.  The defendant reserves the right to appeal any
10 restitution order that is in excess of the parties' settlement and joint recommendation, i.e., any
11 order of restitution that is more than a total of $5,000.
12 V.    **ADDITIONAL ACKNOWLEDGMENTS**
13        This Post Plea Agreement resulted from an arms-length negotiation in which both parties
14 bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes
15 the entire agreement negotiated and agreed to by the parties.  No promises, agreements or
16 conditions other than those set forth in this agreement have been made or implied
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN
UNITED STATES ATTORNEY

DATE: 1/30/17

SHANNON BRYANT
ASST. UNITED STATES ATTORNEY

DATE: 1/23/17

LAUREN GORMAN
ATTORNEY FOR DEFENDANT

DATE: 1/22/17

SARAH VANDEGRIFT
DEFENDANT

IT IS SO ORDERED

U.S. DISTRICT JUDGE

DATED: This 1st day of February, 2017.

5